IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NADINE JARMON**                                                                         **PLAINTIFF/
                                                                                                          COUNTER-DEFENDANT**

**V.**                                            **NO. 4:21CV001237 JM**

**LITTLE ROCK HOUSING
AUTHORITY d/b/a METROPOLITAN
HOUSING ALLIANCE**                                                       **DEFENDANT/
                                                                                                          COUNTER-PLAINTIFF**

## ORDER

Pending is the Defendant's motion for summary judgment, docket # 17. Plaintiff has filed a response and Defendant has replied. For the reasons set forth herein, the motion is GRANTED.

Plaintiff/Counter-Defendant, Nadine Jarmon ("Jarmon") served as Executive Director for Defendant/Counter-Plaintiff, Little Rock Housing Authority d/b/a Metropolitan Housing Alliance ("MHA") from July 16, 2020 to August 25, 2021. It is undisputed that on June 23, 2021 Jarmon reported to the Board of MHA, the Mayor of the City of Little Rock and Anthony Landecker, Director of the Office of Public Housing alleged wrongdoing related to the MHA's management of federal money. On June 29, 2021, MHA placed Jarmon on paid administrative leave. On August 2, 2021 Jarmon had a phone interview with the HUD OIG Office. On August 21, 2021 Jarmon filed a second complaint with the HUD whistle blower hotline regarding the alleged continuance of MHA's misappropriation of funds. On August 25, 2021, Jarmon was terminated. On April 22, 2022, HUD issued a report based on its investigation of MHA's use of funds.

On October 28, 2021, Jarmon filed suit against MHA in the Circuit court of Pulaski County, Arkansas for violation of the Anti-Reprisal Provision of the Whistleblower Statute, 41 U.S.C. §4712 and state law claims for violation of public policy and wrongful discharge. MHA removed the case to this court on December 29, 2021 based on federal question jurisdiction. MHA now asserts that Jarmon failed to exhaust her administrative remedies under 41 U.S.C. §4712 and failed to establish sufficient evidence to support her wrongful discharge claim. As explained below, the Court finds that Jarmon failed to exhaust her administrative remedies. As a result, this Court lacks subject matter jurisdiction and the case must be remanded.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is

> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion. Once this is done, his burden is discharged,
> and, if the record in fact bears out the claim that no genuine dispute
> exists on any material fact, it is then the respondent's burden to set
> forth affirmative evidence, specific facts, showing that there is a
> genuine dispute on that issue. If the respondent fails to carry that
> burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

Analysis

41 U.S.C. § 4712 provides that certain individuals "may not be discharged, demoted, or discriminated against as a reprisal for disclosing" to certain federal officials "information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of federal funds," or other delineated improprieties. 41 U.S.C. § 4712(a)(1). Prior to filing suit, a person who believes they have been subjected to a prohibited reprisal must submit a complaint to the Inspector General of the relevant executive agency, and any judicial review arising out of the alleged reprisal is contingent on administrative exhaustion. *Id.* § 4712(b)–(c). *See, Delebreau v. Danforth,* No. 17-C-1221, 2018 WL 2694527, at *4 (E.D. Wis. June 5, 2018), aff'd, 743 F. App'x 43 (7th Cir. 2018).

It is undisputed that Jarmon reported alleged wrongdoings of MHA to the Director of the Office of Public Housing on June 23, 2021 and August 21, 2021. However, Jarmon did not submit a claim of retaliation including retaliatory discharge to HUD. Jarmon argues that the exhaustion of administrative remedies under the Whistleblower Statute were fruitless thereby negating the requirement that she exhaust her administrative remedies. Jarmon also argues that

the EEOC charge of discrimination and subsequent notice of right to sue should allow the case to proceed.[1]  Jarmon offers no evidence to support her claim that reporting her allegations of retaliation and retaliatory discharge to HUD would have been fruitless.  The Whistleblower statute "makes clear that whistleblowers working for government contractors must exhaust their administrative remedies before suing in federal court."  *Iovino v. Michael Stapleton Assocs., Ltd.*, 600 F. Supp. 3d 610, 619 (W.D. Va. 2022) citing, *Wright v. Common Ground Health Clinic, Inc.*, No. 16-11623, 2016 WL 4720011, at *3–4 (E.D. La. Sept. 9, 2016) (concluding that 41 U.S.C. § 4712 incorporated an exhaustion of administrative remedies requirement); *Moore v. Univ. of Kan.*, 118 F. Supp. 3d 1242, 1251–54 (D. Kan. 2015) (same); *cf. Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 580 (5th Cir. 2020) (stating that "[s]ection 4712 requires a complainant like [plaintiff] to exhaust administrative remedies before filing suit" when considering the statute's interplay with the Federal Arbitration Act).

Because Jarmon failed to exhaust her administrative remedies, the Court lacks subject-matter jurisdiction over her whistleblower reprisal claim.  This Court therefore lacks original jurisdiction over any of the claims in this lawsuit.. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

For these reasons, the Defendant's motion for summary judgment (ECF No. 17) is GRANTED as to Plaintiff's whistleblower reprisal claim pursuant to 41 U.S.C. §4172.  The case is remanded to the Circuit Court of Pulaski County.  The Clerk is directed to transfer this case to the Circuit Court of Pulaski County, Arkansas forthwith.

---

[1] Jarmon has not pled a cause of action for retaliation pursuant to Title VII, 42 U.S.C. §2000(e) et seq.

IT IS SO ORDERED 22nd day of August, 2023.

_____
James M. Moody Jr.
United States District Judge